1  DANIEL G. BOGDEN
   United States Attorney
2  District of Nevada
   Nevada Bar No. 2137
3  MICHAEL A. HUMPHREYS
   Assistant United States Attorney
4  United States Attorney's Office
   333 Las Vegas Boulevard South, Suite 5000
5  Las Vegas, Nevada 89101
   Telephone: 702-388-6336
6  Facsimile: 702-388-6787
   Email: *michael.humphreys@usdoj.gov*
7  Attorneys for the United States of America

8

9

10                    **UNITED STATES DISTRICT COURT**

11                         **DISTRICT OF NEVADA**

12  UNITED STATES OF AMERICA,        )
                                     )
13                   Plaintiff,      )
                                     )
14          v.                       )     2:14-CR-058-GMN-(CWH)
                                     )
15  WILLIAM JEFFREY RASKE,           )
                                     )
16                   Defendant.      )

17  **UNITED STATES OF AMERICA'S MOTION TO CORRECT CLERICAL ERROR FOR
    FAILING TO ATTACH THE FINAL ORDER OF FORFEITURE (ECF NO. 41) TO THE
18            JUDGMENT IN A CRIMINAL CASE (ECF NO. 40)**

19          The United States of America moves this Court to correct the clerical error of failing to attach

20  the Final Order of Forfeiture (ECF No. 41) to the Judgment in a Criminal Case (ECF No. 40)

21  ("Judgment") under Fed. R. Crim. P. 32.2(b)(4)(B) and 36.

22          The basis for attaching the Final Order of Forfeiture to a Judgment in a Criminal Case is Fed. R.

23  Crim. P. 32.2(b)(4)(B) and 36, which provides that this Court attach and include the Final Order of

24  Forfeiture in the Judgment. The United States requests this Court to attach the Final Order of Forfeiture

25  to the Judgment.

26  . . .

This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 4th day of June, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/ Michael A. Humphreys*
MICHAEL A. HUMPHREYS
Assistant United States Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF THE FACTS**

On June 1, 2015, this Court entered the Judgment in a Criminal Case (ECF No. 40) ("Judgment"). The Final Order of Forfeiture (ECF No. 41) was entered by this Court on June 1, 2015, but was not attached to the Judgment.

**II. ARGUMENT**

"The court **must** also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." Fed. R. Crim. P. 32.2(b)(4)(B) (emphasis added). "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

> Federal Rule of Criminal Procedure 36 provides that after giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment. We have noted and now conclude that the omission of a forfeiture from the judgment ... can be remedied under Rule 36.

*United States v. Zorrilla-Echevarria*, 671 F.3d 1, 9-10 (1ˢᵗ Cir. 2011) (citations, quotation marks, and brackets omitted; ellipsis in the original). "The failure to include forfeiture in a judgment, that everyone intended to be included, constitutes a clerical error, correctable under Rule 36." *Id*. at 10. (citation, quotation marks, and brackets omitted) (quoting *United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009). "This conclusion is reinforced by a 2009 amendment to Rule 32.2 ..., providing that the court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected *at any time* under Rule 36." *Id*. (citation, quotation mark, and brackets omitted; ellipses added; emphasis in original); *see Watson v. United States*, Nos. 3:01-CR-55, 3:08-CV-522, 3:01-CR-71, 3:08-CV-523, 2011 WL 4708804, 6 (E.D. Tenn. October 4, 2011) (stating the district court can include a forfeiture order in the Judgment at any time if it failed to do so previously).

The forfeiture order must be attached to or included in the Judgment. Fed. R. Crim. P. 32.2(b)(4)(B).  The Judgment does not have the Final Order of Forfeiture attached to or included.  This

failure was clerical error which can be, and is legally authorized to be, corrected under Fed. R. Crim. P. 32.2(b)(4)(B) and 36.

The United States requests the forfeiture order be attached to and included in the Judgment.

**III.  CONCLUSION**

Based on the foregoing, this Court should attach the forfeiture order to a Judgment.

DATED this 4th day of June, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney


 */s/ Michael A. Humphreys*
MICHAEL A. HUMPHREYS
Assistant United States Attorney



**IT IS SO ORDERED.**



Gloria M. Navarro, Chief Judge
United States District Court

**DATED:  06/05/2015**